Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

### for the

_MIDDLE_ District of _Florida_

_____ Division

LEGAL MAIL

Provided to Florida State Prison on

9 /24/19 for mailing by _____

PAUL EMMANUEL KNIGHT DC# 063422

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

KEEGAN M. GRAY
MATTHEW KURTH
AUSTIN MERRITT
BRETT GILLESPIE
JACK VANHALLEN          MARTIN C. SANDERS
                        JOEL ECONOMY &
                        G. ESPINO, M.D.

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 3:19-cv-779-J-32 JBT

*(to be filled in by the Clerk's Office)*

"ORIGINAL DOCUMENT"

"SECOND AMENDED COMPLAINT"

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _PAUL EMMANUEL KNIGHT_

All other names by which you have been known: _Pooky's & Shorty Knight_

ID Number _063422_

Current Institution Address _FLA. STATE PRISON / P.O. BOX 800_
_RAIFORD_   _FLA._   _32083_
City         State     Zip Code

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name _KEEGAN M. GRAY_

Job or Title *(if known)* _FLA. STATE PRISON, Sgt._

Shield Number _GKM10_

Employer _FLA. DEPT. OF CORR.'S / FLA. STATE PRISON_

Address _P.O. BOX 800_
_RAIFORD_   _FLA._   _32083_
City         State     Zip Code

☒ Individual capacity   ☐ Official capacity

Defendant No. 2

Name _MATTHEW KURTH_

Job or Title *(if known)* _FLA. STATE PRISON, CORR.(4), OFC. I (COI)_

Shield Number _KURTH_

Employer _FLA. DEPT. OF CORR.'S / FLA. STATE PRISON_

Address _P.O. BOX 800_
_RAIFORD_   _FLA._   _32083_
City         State     Zip Code

☒ Individual capacity   ☐ Official capacity

②

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name _AUSTIN MERRITT_

Job or Title *(if known)* _FLA. STATE PRISON, SGT._

Shield Number _MERRI_

Employer _FLA. DEPT. OF CORR'S / FLA. STATE PRISON_

Address _P.O. BOX 800_

_RAIFORD_        _FLA._   _32083_
City            State    Zip Code

☒ Individual capacity     ☐ Official capacity

Defendant No. 4

Name _BRETT GILLESPIE_

Job or Title *(if known)* _FLA. STATE PRISON, SGT._

Shield Number _GILLB_

Employer _FLA. DEPT. OF CORR'S / FLA. STATE PRISON,_

Address _FLA. STATE PRISON_

_RAIFORD_        _FLA._   _32083_
City            State    Zip Code

"SEE ATTACHE"
ON DEFENDANTS

☒ Individual capacity     ☐ Official capacity

**II.   Basis for Jurisdiction,** _THE VIOLATIONS OF THE 8TH AMEND. UNPROVOKED BEATING OF A NON-RESISTING INMATE/DENIAL OF MEDICAL ATTENTION TO INJURIES 14TH_

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or _SEE_ immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of ATTACHED* *Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain _BELOW_ constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_1), FIRST AMEND. VIOLATIONS OF INTERFERENCE WITH ACCESS TO THE COURTS_
_CORPORAL PUNISHMENT IN BEING PHYSICALLY BEATEN AND OTHER DISCIPLINARY_
_MEASURES, CONSTITUTING 8TH) AMEND. VIOLATIONS OF EXCESSIVE FORCE OR OFFICIALS ACTING_
_WITH A CULPABLE STATE OF MIND TO INFLICTE CRUEL AND UNUSUAL PUNISHMENTS 13TH AMEND. OF CLASS_
_BASED DISCRIMINATORY ANIMUS, UNDER 42 USC 1985 (3). 14TH AMEND. CONST. PROTECTED PROPERTY_

C. _INTEREST UNDER_ Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you
_COLOR OF STATE_ are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal
officials?

_LAWS, UNDER THE VALIDITY & CONSTRUCTION OF PRISON REGULATIONS OF INMATES POSSESSION_
_OF PERSONAL PROPERTY AND INADEQUATE POST-DEPRIVATION REMEDY TO CHALLENGE THE LOSS_
_AND ARBITRARY DESTRUCTION UNDER A CULPABLE STATE OF MIND & DISCRIMINATORY ANIMUS._

③

CONT. OF PAGE(3): DEFENDANTS.

(ATTACHMENT OF THE PARTIES TO THE AMENDED COMPLAINT.)

DEFENDANT NO. (5)

NAME:                  JACK VANALLEN, INDIVIDUAL CAPACITY

JOB OR TITLE:          FLA. STATE PRISON, CORRTNL. OFC. I, (COI)

SHIELD NO:             VANA.

EMPLOYER:              FLA. DEPT. OF CORRⁿ / FLA. STATE PRISON

ADDRESS:               P.O. BOX 800
                       RAIFORD,        FLA.          32083
DEFENDANT NO. (6)      CITY            STATE         ZIP.

NAME
     MARTIN C SANDERS, INDIVIDUAL CAPACITY

JOB OR TITLE,    FLA. STATE PRISON, L.T.

SHIELD NO:             SMC02

EMPLOYER         FLA. DEPT. OF CORRⁿ / FLA. STATE PRISON

ADDRESS:               FLA. STATE PRISON
                       P.O. BOX 800
                       RAIFORD      FLA. 32083
DEFENDANT NO. 7        CITY         STATE  ZIP.

NAME: JOEL ECONOM, INDIVIDUAL CAPACITY.
JOB OR TITLE,    FLA. STATE PRISON, C.O. I.
SHIELD NO:       ECONO.
EMPLOYER         FLA. DEPT. OF CORRⁿ / FLA. STATE PRISON
ADDRESS          FLA. STATE PRISON, P.O. BOX 800
                 RAIFORD, FLA. 32083
DEFENDANT NO. 8.        CITY    STATE   ZIP.
NAME: G. ESPINO, INDIVIDUAL CAPACITY
JOB OR TITLE           FLA. STATE PRISON, MEDICAL DOCTOR &
                                          OR CHIEF HEALTH
SHIELD NO:       M.D. FLA.P. SITE MED. DIRECTOR   OFFICER
EMPLOYER         FLA. DEPT. OF CORR / FLA. STATE PRISON
ADDRESS          FLA. STATE PRISON, P.O. BOX 800    (4)
                 RAIFORD, FLA. 32083

Subsection, II, P(3)   Cont. of, Basis for Jurisdiction

Amendment, upon a violation of my due Process Rights upon my Personal Property Interest, In the Arbitrary Confiscation and destruction of All Personal Property with No Meaningful Postdeprivation Remedy for the Loss, INSt.(4). Administrators Are Conspiring, in Covering up, The Intentional Acts of, defendant Joel Economy's deprivation of my Property and Grievances @ Info. Log, upon the Constitutional-Protected Property Interest. See, Exhibit (B) of the denials of Compensation or Replacement of Any Postdeprivation Remedy Through Conspiracy, which is A Basis for The Court's Jurisdiction under, 1983, and, 42, U.S.C. 1985(6.) Fed. Stat. & Existence of Pendent Jurisdiction of fed. court over State Law Claim when Joined with claim Arising under Laws, Treaties, or Constitution of the United States.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed (*I adopt & incorporate all original documents filed in this case as evidenced on, 5-1-19, ofc. Bobby I. Armbrust, legal mail ofc. picked up a petition for writ of habeas corpus under case#04-2019-CA-000221 at my cell B1222, but would not let me send my copies going to the court. I called Sgt. Ramon Nazario to assist me with my access to the court without the tampering with my legal mail by this officer. The Sgt. condoned the officer and said, I was getting a DR. Report for yelling on the door. "see attached cont. p.*

III.  **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

IV.  **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

(6)

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

*After the events with officer Armbrust, legal mail officer & Sgt. Nazario, cited above Defendant L.T. Sanders came to my cell(s) E-1222, he cites at 1:36 & 1:40 pm in his D.R. Reports, ordering me to cuff up to be placed on property restriction, I refused Defendant's Econom and Gillespie " show up, they cite at 1:30 pm, in their reports, under the supervisory orders of L.T. Sanders to gass me#1, 2, 3, times; they gass me—*

Page 4 of 11

*See attachment p. cont.*

① Cont. of page (IV) of (A) (B) (C) (D), explaining unconstitutional acts of defendants under color of state law and constitutional deprivations.

SEE, EXHIBIT (B), D.R. REPORT, log# 205-190914, dated 5-1-19; GRIEVANCE Log# 19-6-22390 dated 6-17-19, upon, CENTRAL OFFICE SAYING THE d.R. Report do NOT EXIST. D.R. REPORT, Log# 205-190915, dated, 5-1-19. D.R. HEARING, date, 5-14-19, GUILTY FINDINGS. GRIEVANCE Log# 19-6-22633, dated, 6-17-19, RETURNED without ACTION, by CENTRAL OFFICE. NOTE: THE INSTITUTION would NOT ADDRESS THE ISSUE, of SGT. NAZARIO. DEFENDANT, LT. SANDERS C. MARLIN, AT, 1.36 pm RITES THAT, he came to my cell. E-122Z AND ORDERED me to CEASE my DISRUPTIVE behavior AND SUBMIT to HAND CUFFS to be PLACED ON PROPERTY RESTRICTION, to which, I REFUSED. AND he wrote D.R. log# 205-190918, on 5-1-19, D.R. HEARING date on, 5-14-19, GUILTY FINDINGS. GRIEVANCE log# 1905-205-098, dated, 5-14-19, RESPONSE, 5-21-19, DENIED by INST. CENTRAL OFFICE Log# 19-6-20149, dated 5-23-19, RESPONSE, 5-30-19, DENIED, upon this DENIAL CENTRAL OFFICE CITE THAT "THE ISSUE REGARDING" THE DC6-2028, DISPOSITION OF VIDEOTAPE AND AUDIOTAPE EVIDENCE," will NOT BE ADDRESSED by THAT OFFICE because it was NOT PRESENTED AT THE INST. level"; is opposed to THE VALUE, SEE, INST. W. APPEAL 5-14-19, D.R. Log# 205-190918 RELIEF SOUGHT, Citing Ch. 33-601.305 (2), (G) F.A.C. is UNAVAILABLE.

In SANDERS(2), ATTACHED, I NEVER RECEIVED A COPY OF THIS D.R. REPORT, ON 5-14-19 UP A D.R. HEARING I WAS FOUND GUILTY GIVEN 60 DAY D.C. TIME, 6) LOSS OF 200 DAYS GAIN TIME, THE INST. would NOT ANSWER my GRIEVANCES OR THE GRIEVANCE COORDINATORY SEND AND RECEIPT, ON 6-10-19, GRIEVANCE Log# 19-6-22636, CENTRAL OFFICE RETURNED THE GRIEVANCE without ACTION, dated 6-17-19; SEE COPY OF UNANSWERED. DEFENDANTS,' GRAY, MERRITT, KUEHL, VANALLEN & GILLESPIE (WHO USED EXCESSIVE FORCE by ADMINISTERING CHEMICAL AGENTS AGAINST ME ARBITRARILY WHEN I WAS NO THREAT to SECURITY, OTHER STAFF, INMATES OR MYSELF (3) CANISTERS OR BURST WAS ADMINISTERED by GILLESPIE, on, 5-1-19, SEE, D.R. Log# 205-190917 D.R. HEARING, DATE, 5-14-19. GUILTY FINDINGS, INST. REFUSE TO RESPOND TO APPEAL'S CENTRAL OFFICE, D.R. APPEAL, FILED 6-10-19, Log# 19-6-22636 RESPONSE DATED 6-17-19 RETURN without ACTION. GILLESPIE, WROTE, DR Log# 190925, SUPPOSEDLY ON 5-1-19 THAT I NEVER RECEIVED A COPY OF THIS D.R. REPORT, ONLY THE FINDINGS OF A D.R. HEARING FINDING ME GUILTY IS HOW I KNOW AT THE Log# ABOVE THE INST. REFUSE TO RESPOND TO my APPEAL'S AND CENTRAL OFFICE, Log# 19-6-22635 RETURNED THE APPEAL without ACTION, dated, 6-17-19. THIS COURT HAS THE ORIGINAL DOCUMENT'S WHICH I ADOPTED INCORPORATE AS ALL ORIGINAL DOCUMENTATION AS EVIDENCE: GILLESPIE wrote, DR log# 205-191038, ON 5-21-19, CITING THAT, I SPIT AT HIM ON 5-1-19, IN B-WING SHOWER, which IS THE EVIDENCE I HAVE OF HIS BEING PRESENT OF THAT HOMOSEXUAL ABUSE, OR EXCESSIVE ILLEGAL FORCE IN THAT SHOWER by him, GRAY, MERRITT, KUEHL & VANALLEN: I SENT THIS D.R. COPY TO THE COURT IN my FIRST AMENDED COMPLAINT which, I ADOPTED INCORPORATE AS EVIDENCE TO THIS GRIEVANCE. SEE APPEAL Log#'s INST. 205-191038, D.R. 1905-205-195 INST. dated, 6-12-19; CENTRAL OFFICE, Log# 19-6-23218, dated 6-21-19 both DENIED.

Q). Cont. on page (4) subsec. (D), expressing each defendant's actions under color of state laws and constitutional deprivations.

GRAY, MERRITT, KURTH & VANALLEN, arrived at my cell E-1222 wearing riot gear, they cite, at 2:23 pm, on 5-1-19. Lt. Sanders gave the orders, they entered my cell behind a extraction protection shield, knocked me to the floor without resisting, on to my stomach, restrained my hands behind my back, shouting, stop resisting inmate stop resisting, repeatedly beating me for noncompliance with Lt. Sanders orders to submit to handcuffs. This was disproportionate force to inflict pain and injury. GRAY at 2:23 pm, wrote D.R. Log# 205-190922, on 5-1-19. D.R. hearing was on 5-14-19, guilty findings, 60 days D.C. time & loss of 200 days gain time, Inst. Appeal on, 5-14-19, log# 1905-205-095, denied on, 5-21-19, central office, appeal, on, 5-23-19, log# 19-6-20154, response, approved for further inquiry on, 5-31-19. On 6-13-19 the Inst. denied this inquiry on the consolidated appeal with Log# 1905-205-095 in an amended response, on 6-19-19, I refiled that denial to central office, which the 30 days to respond was up on 7-19-19. That entitled me to proceed with judicial remedies, see handrules attached. MERRITT, at 2:23 pm wrote D.R. Log# 205-190919, on 5-1-19; D.R. hearing was on 5-14-19, upon guilty findings, the Inst. would never respond to my appeal(s) upon the 20 day deadline, I refiled to central office on 6-10-19, Log# 19-6-22637 their response was returned without action, on 6-17-19. KURTH, at 2:23 pm wrote D.R. Log# 205-190921, on 5-1-19. D.R. hearing on 5-14-19, guilty, 60 days D.C. time, 200 days gain time loss. Inst. Appeal on 5-14-19, log# 1905-205-096, response, returned without actions, but through a silent consolidation with D.R. appeal guilty findings Log# 1905-205-095, I was guilty, dated 5-21-19, on 6-28-19 Response, approved for further Appeal to central office, Inst. amended response, denied on 6-13-19 inquiry dated 7-10-19, Inst. Amended Response, Returned without action, back to central office on 6-19-19, Response, Returned without action, back to central office under log# 19-6-20155 dated 6-25-19, filed back to central office on 5-31-19, Inst. Amended Response, approved for further inquiry on 5-31-19, Inst. Amended Response, approved for overturning the D.R. on 7-31-19. VANALLEN, at 2:23 pm, wrote D.R. Log# 205-190920, on 5-1-19. D.R. hearing on 5-14-19, found me guilty, 60 days D.C. time, 200 days gain time loss, Inst. Appeal on 5-14-19 under Log# 1905-205-097, returned without action on 5-21-19, central office appeal under log# 19-6-20154, response, approved ——— (8)

under color of state law and constitutional deprivation:

For further inquiry, dated, 5-31-19, Insp. A.'s Amended Response denied on, 6-13-19. Returned to Central Office under Log# 19-0-23012, Response, Returned without action on, 6-25-19. On 6-28-19, returned to central office, under Log# 19-0-25076, Response approved for further inquiry on, 7-10-19. Insp. Amended Response, approved for overturning the D.R. report against me, on, 7-31-19.

Joel Econom, H.O. 1:30PM on 5-1-19, wrote, DR Log# 205-190916, DR. hearing was on 5-14-19, found me guilty, 60 days D.C. Time, & 200 days gain time loss as I filed appeals at the Insp. on 5-14-19, an never received an answer, on 6-10-19, filed to central office under DR.Log# 19-0-22632 Appeal Response, returned without action, on 6-17-19, see mandamus attached This defendant arbitrarily conspired to deprive me of my property on 5-1-19 and expressly condoned the unlawful beating with Lt. Sanders violating my constitutional right against cruel & unusual punishment or excessive physical force while Handcuffed & leg shackle & to cause physical injuries on Ewing in cell 1222;

<u>Defendant. G. Espino</u>, R.S.P. Site Med. Doctor, on, 5-1-19, In furtherance of conspiracy of the injured petitioner, these same defendants, all except, "Econom," took the petitioner from the shower incident to medical, The doctor, examined my eyes, which was swollen and the right one was bleeding from the excessive beating and with, "deliberate indifference to the pain & suffering of serious medical examination, The doctor, walked out of the exam. room," That was the end of treatments in violation of my 8th Amend. right to, Adequate medical cares mandating treatment or that is so obvious that even a lay person would easily recognize the necessity for a doctors attention; (in fact, Lieutenant (Lt.) Sanders told him, He needs to be examined, all over Doc;) one nurse, put a bandaid on my nose, another, something on my right eye; The black nurse was logging injuries and that was the end of medical treatment.

(9)

CONT. (PAGE 9), SUBSEC: IV. B. STATEMENT OF CLAIM.)

DEFENDANTS, GILLESPIE & ECONOM. (NOTE: E-WING AT THIS TIME, 5-1-19
HAS, VIDEOTAPE & AUDIOTAPE EVIDENCE OF THESE FACTS & OFFICER GROW,
WAS THE CAMERA MAN FOR THE CELL EXTRACTION & B-WING SHOWER
INCIDENTS). AT, 2:23 PM AS CITED BY DEFENDANTS: GRAY, MERRITT,
KURTH & VANALLEN, ARRIVED AT MY CELL, E-1222, IN R. OF GEAR,
I HEARD (LIEUTENANT, CMT:) SANDERS SAY, WE GOT THE GO AHEAD.)

(NOTE: SGT. NAZARIO CITES, THAT AT, 11:30 AM ON E-WING OF 5-1-19, HE WAS
ESCORTING, ASST. WARDEN, J. TAYLOR ON THE WING DURING DUTY WARDEN
ROUNDS." THIS IS THE D.R REPORT THAT CENTRAL OFFICE SAYS DO NOT
EXIST, BUT this COURT HAS A COPY OF THESE FACTS) "SOMEONE
ORDERED THESE BEATINGS." SEE, CONT. PAGES 1, 2, & 3, EXPLAINING EACH
DEFENDANTS ACTIONS UNDER COLOR OF STATE LAW & CONSTITUTIONAL
DEPRIVATION.

SUBSEC: (C.), DATE, TIME OF EVENTS GIVING RISE TO CLAIMS. ON p.⑤
DEFENDANT, ECONOM, CITES, AT, 11:30 PM IN D.R. LOG# 205-190916, HE WAS
CELL EXTRACT OF E-1222, FOR AN ORGANIZED CHEMICAL USE OF FORCE & CELL
EXTRACTION.
DEFENDANT, GILLESPIE, CITES, AT, 11:30 PM, IN D.R. LOG# 205-190917, HE WAS CELL
FRONT OF E-1222, DURING AN ORGANIZED CHEMICAL USE OF FORCE AND TO ADMINIS-
- TER CHEMICAL AGENTS.
DEFENDANT, GRAY,    CITES, AT, 2:23 PM IN D.R. LOG# 205-190922, HE WAS ORDERED
TO DRESS IN CELL EXTRACTION GEAR & ASSEMBLE IN FRONT OF CELL, E-1222
AND WHEN DEFENDANT SANDERS OPEN THE DOOR, I USED A STYROFOAM CUP,
TO THROW WHAT APPEARED TO BE FECES OUT OF THE CELL, STRIKING him
IN THE UPPER TORSO AREA.
DEFENDANTS, KURTH, CITES, AT 2:23 PM, THAT I STRUCK him IN THE UPPER TORSO AREA
VANALLEN @ CITES AT, 2:23 PM, THAT I STRUCK him IN THE UPPER TORSO AREA
MERRITT, ALL CITE S THAT AT 2:23 PM, WITH THAT STYROFOAM CUP, I STRUCK
him WITH WHAT APPEARED TO BE FECES. IN THE UPPER TORSO AREA. THE
FIRST." ELECTED TO EXPUNGE THESE REPORT S OF VANALLEN, LOG# 1805-205-097
& KURTH, LOG# 1805-205-096 AGAINST ME, THATS WHY THE NOTICE OF
CLAIM WAS SUBMITTED TO THE DEPT. OF FINANCIAL SERVICES & CENTERAL
OFFICE OF THE VIDEO. ON 9-4-19. UNDER 768.28 F.S. TORT CLAIMS
ACT.
DEFENDANT, G. ESPINO, M.D, I.SP. S. TE, MED. DIR. ON, 5-1-2019
DOCTOR ESPINO, EXAMINED MY EYES AND LEFT THE ROOM. END OF
EXAMINATION, BY him. IT IS A COMMON PRACTICE POLICY OF THE
DOCTOR & MEDICAL STAFFS IN GENERAL TO NOT TREAT, "BLACK ———
⑩                                                                    CONTINUE

Cont. of, Statement of Claim, IV Subsec. (C), of Page ⑤ — ①

in inmates in particular @ inmates in general over a cell extractions, medical knows that officers be beating inmates, some times they, beat them in medical in the exam. room. It happens to me on 5-6-2019, the doctor tricked me to come to medical for a medical call-out and sgt. Pauik @ cpt. Hall beat me up in that exam. room. For the 5-1-19, incident, there's another story. on 5-1-19, the doctor deliberately denied me medical treatment for my bleeding right eye, the bleeding in the back of my head, fingers and hands with nerves damage, broken little toe on my left foot, disfigured @ deformed for life, in constant pain since 5-1-2019, the doctor called me out for a medical call-out, told me that the x-rays was normal on 8-26-19 see sick call request under exhibit (A) Blue, on 9-2-19, the nurse called me out for my sick call request of 5/31 being in pain, she examined my little toe said, It is broke but looking at the x-rays, she said it says "fracture" but she "thinks" it's broken. I did not tell her that doctor said everything was normal. Another nurse saw me on 8-14-19, told me that the doctor ordered me some pain medication and that, he did not want to charge me for the sick call request so he brought a refuser form for me to sign, I did but asked for some pain meds. He said he didn't bring anything. on 7-12-19, I submitted a inmate request form to medical records, to review my medical notes, see exhibit (A), on 8-1-19, I reviewed them, doctor had nothing in the medical records on the injuries of my index finger, constantly swelling when I write, nothing about the nerve damage in my hands, the broke little toe or anything about the P.R.O.A. incident of 5-1-19, I requested copies of the records and signed DC4-542A form for the pages I wanted, see copy attached, and was told I could not receive until I pay for them, I explained that, I was indigent, and was told, I could not have the records until I pay for them. The doctor has not and will not give me adequate medical care and in fact, actively participated in the conspiracy, "directly or indirectly in calling me out to medical, under my injuries to be assaulted by sgt. Pauik @ cpt. Hall on 5-6-2019 before he saw me @ after he saw me,

⑪

Cont. of Statement of Claim. IV, Subsec (L) of page ⑤ ②

Truly constituting incompetence & unprofessional conduct, inmates in FLA. do not have the rights or access to F.S. 120.68, for judicial review upon filing complaints against health care providers, physicians or nurses so they can get away with falsifying documents or mistreating inmates, its common practice within this prison. See medical grievances denial's on 7-18-19 & 8-1-19 from defendant, G. Espino, M.D.

Two times I have sent this amended complaint to the law library for photo copies along with the 5 page court order, conspirators see the deadline close on Oct. 1st, or next month & keep returning the documents back to me uncopied. Therefore, I adopt and incorporate all original documents the court already possess & to current the properly issued and deliberate indifference of the doctor & the condoning of those actions by central office in Log# 19-6-31702 denials dated, 9-11-2019. This is why I sent in the motion upon extension of time. Im actively being obstructed in getting this second amended complaint back to the court. I have 12) more days under the court 8-30-19 order. All other documents will have to be under discovery proceedings. Im being conspired against in getting copys for this complaint.

Respectfully Submitted.

/s/ Paul Knight

9-19-19

⑫

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

5-1-2019, STARTING AT 11:30 AM, SEE Sgt. NAZARIO D.R. REPORTS.
(1) Log# 205-190141 NAZARIO II W/G 11:31 AM. Log# 205190915. ATTACHED.
DEFENDANT, Lt. SANDERS ① 1:36 PM, Log# 205-180915. SANDERS ② Log# 205-190924
I NEVER RECEIVED A COPY OF IT, SEE MARDANUS ATTACHED & CONTROL STATEMENT OR CLAIM
IV SUBSEC (C.)

D.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?
Was anyone else involved? Who else saw what happened?) DEFENDANT'S. SANDERS, SUPERVISOR
(1)
ON DUTY, EXPRESSLY ORDERED & CONDONED THE ACTIONS OF THE UNLAWFUL BEATINGS
ON E-WING AND HOMOSEXUAL ABUSE IN B-WING SHOWER, HANDCUFFED BEHIND MY
BACK & LEG-SHACKLED. OFFICER GROW WAS THE CAMERA MAN RECORDING THE EVENTS.
(2) DEFENDANT, ECONOMY, UNDER THE ORDERS OF LT. SANDERS, ADMINISTERED CHEMICAL
AGENT AGAINST ME AND UPON, GRAY, MERRITT, KURTH & VANALLEN, UNLAWFUL BEATINGS IN BEING
PRESENT AT MY SCENE, WHO FAILS TO TAKE REASONABLE STEPS TO PROTECT THE VICTIMS FROM THE
OTHER'S USE OF EXCESSIVE FORCE IS PERSONALLY LIABLE FOR HIS NONFEASANCE ① UNDER
UPON HIS CONSPIRATORS ACTIONS TO DEPRIVE ME OF AN CONSTITUTIONALLY PROTECTED PROPERTY INTEREST
IN ARBITRARILY CONFISCATING & DESTROYING MY PROPERTY WITH NO MEANINGFUL
POST-DEPRIVATION REMEDY OF REPLACEMENT OR COMPENSATION, WITH OTHERS COVERING
UP HIS DEPRIVATION IN FURTHERANCE OF SUCH A CONSPIRACY. SEE ATTACHMENT.

V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive. INJURIES SUSTAINED; MY EYES BEATEN
CLOSED, BLOOD RUNNING FROM THE RIGHT EYE, SWELLING OF MY FACE, MARKS,
FINGERS, LEFT FOOT'S WITH A BROKEN LITTLE TOE, LACERATIONS ALL OVER MY
HEAD & FACE, BLEEDING FROM THE BACK OF MY HEAD. NERVE DAMAGE IN MY
HANDS AND FINGERS THAT THE MEDICAL RECORDS DO NOT HAVE LISTED &
NOTHING ON THE P.R.E.A. INCIDENT AT THAT TIME, AS DOCTOR "E"
MENTAL HEALTH DIRECTOR WANTED ME TO EXPLAIN THE EVENTS BEFORE ALL THOSE
WHO BEAT ME. But MY PSYCH. COUNSELOR Ms. HARKLEY RECORDED MY INJURIES
SHE TESTIFIED TO THE DAY OF THE BEATING BY SGT. PALAKA CPT. HALL. WHICH CAN
SHE BE SUBPOENAED FOR EVIDENCE OF NERVES DAMAGE TO MY LEFT ELBOW.
with CONDITIONS OF ANXIETY & DEPRESSION FROM THE PSYCHOLOGICAL HARM

VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged. Explain the basis for these claims. ①. A, DEMAND FOR TRIAL BY JURY UNDER RULE
38, FED. R.I.P. FOR THE CORRUPTION OF THIS PRISON & CONSPIRATORS ACTIONS ON VIDEO
-TAPE & AUDIO TAPE AS EVIDENCE. ② TO SEIZE ALL PHYSICAL EVIDENCE OF THE
VIDEO TAPES & AUDIO TAPE, CAMERA OF OFFICER GROW RECORDING THE 5-1-19
INCIDENTS ON E-WING AND B-WING WITH THE MEDICAL & MENTAL (HEALTH)
RECORDS OF PSYCH. COUNSELOR, MS. HARKLEY FROM 5-6 -ONWARD ...
OF MY BRUISES & INJURIES, ANXIET & DEPRESSION FROM PSYCHOLOGICAL HARM.
③ NOMINAL DAMAGES. FOR THE COURT COST & FEES FOR THIS CASE. THE
OF $39.00 FOR THE FIRST AMENDED COMPLAINT. THE $25.20 LIEN FOR THIS
SECOND AMENDED COMPLAINT. $1000. DOLLARS, FROM, GRAY, KURTH, MERRITT, GILLESPIE
SANDERS & ECONOMY, FOR THE ARBITRARY FILING OF BOGUS DISCIPLINARY REPORTS
IN THE VIOLATING MY PROCEDURAL DUE PROCESS RIGHT UPON THE PROCEDURES
EMPLOYED by OFFICER'S OR A HEARING WAS BY CONSPIRATORS & CONSTLY DEFECTIVE, ENT...

Cont. of IV, subsec(D), of Who did What? Page ⑤ — ③

(3), Defendant, Gillespie: under the direct orders of, Lt. Sanders, administered chemical agents against me, and, upon, Defendants, Gray, Merritt, Kurszh, & VanAllen, unlawful beating, in being present at the scene and who failed to take reasonable steps to protect this victim from the others use of excessive force on B-wing, cell 1222, and, actively participated in the homosexual abuse of illegal force in B-wing shower, admitting his presence, to assist, he claims, to decontaminate the petitioner from being gassed.

④ Defendants: Gray, Merritt, Kurszh, & VanAllen: entered cell, E-1222 with a extraction protection shield, knocked the petitioner to the floor of the cell, subdued, handcuffed & leg Shackled and went to, repeatedly beating on me, upon my head, face on the sides because, I was on my stomach, my hands & break my fingers, shouting, stop resisting inmate, stop resisting, beating & beating & beating, repeated — ly, breaking my little toe on my left foot, beating me so bad, to where when, they pulled me from the floor, I could not see my eyes were beaten closed, blood running down my face and from the back of my head. Officer Grow, told me that he was the camera man that day. Supervisor, Lt. Sanders, Econom, & Gillespie, watched it all, with more than a lawsuit connection, they were conspirators. upon, being me out of that cell one e-wing, I was taken to B-wing, second floor shower and the abuse continued, under a homosexual context, against P.R.E.A. 28 C.F.R P.A.B.L.15 of 2003 and against the A.D.A. towards me: Sanders & Gillespie watched at that scene of clearly illegal conduct and refused to intervene upon a const.A. violations perpetrated by staff members of contact or penetration of the anals of an inmate, however slight, in tampering with my buttocks.

⑤ Defendant, G. Espino, M.D. upon being taken to medical, the doctor, examined my eyes and that was the end of his treatment.

SEE, cont. of Statement of Claim. IV, subsec C(L), of Page ⑤ —D.

For the rest of the story... Excessive force analysis has never turned on the physical location of the victim of a governmental official events there is nothing short and plain about the circumstances of this case and no rule can bind the issues & complexity of the incidents of actions that occurred on, 5-1-2019. I adopt and incorporate all original grievances & other documents of evidence that the court already possess, in this case.

⑭

CAUSING EMOTIONAL DISTRESS, ANXIETY & deep DEPRESSIONS UPON FINANCIAL INJURIES OF 1000's OF dollars; OF THOSE OFFICIALS NOT complying WITH due PROCESS PROTECTIONS REQUIRED UNDER THE CONST. AND THEIR OWN RULES, IN FACT. THE INSTs. OVERTURNED DEFENDANTS KUEHL & VANVALLEN REPORTS, FOR THE FAILURE TO COMPLY WITH THOSE RULES AND THESE ARE TWO, OF THE (4), THAT BEFELL ME ON 5-1-19 IN CELL-1222, ALL FILING THAT, AT 2:23, I STRUCK EACH OF THEM IN THE UPPER TORSO AREA, DENYIN EVIDENCE, UPON VIDEO & AUDIOTAPE UP THOSE HEARINGS, TAKING 200 DAYS OF GAIN TIME ON EACH D.R. REPORT.

(4), DECLARATORY RELIEF, declaRiNG THAT, F.A.C. RULE, 33-103.001 SUBSEC(3). IS UNCONSTITUTIONAL, IN DENYING INMATES IN FLA. THE RIGHTS TO ACCESS TO THE COURTS OR REDRESS THE GOVERNMENT UPON REPORTING ALLEGATIONS OF PHYSICAL ABUSE, EXCESSIVE FORCE, OR SEXUAL ABUSE FROM BEING TREATED AS A GRIEVANCE, OR PROCESSED AS A GRIEVANCE, RETURNED TO THE INMATE OR CONSTITUTED ANY STEP OF THE GRIEVANCE PROCESS FOR THE PURPOSES OF EXHAUSTION REQUIREMENTS.

(5), DECLARE THAT, FROM, VIDEOTAPE & AUDIOTAPE EVIDENCE, DEFENDANTS, SURBEES, ECONOM & GILLESPIE, CONDONED, THE UNPROVOKED BEATING ON E-WING, AND ARE PERSONALLY LIABLE FOR THEIR CONSPIRATORS NON--FEASANCE IN REFUSING TO INTERVENE WHEN A CONSTL. VIOLATION TAKES PLACE IN THEIR PRESENCE; by GRAY, KUEHL, MERRITT & VANVALLEN. THE VIDEOTAPE WILL SHOW WHO ENTERED THAT CELL; ALL I KNOW IS, THAT BLOWS WAS RAINING DOWN ON ME, CAUSING MULTIPLE INJURIES THAT, I'M STILL RECUPERATING FROM. I SEEK, $5000, FROM EACH DEFENDANT,

(6) FOR PUNITIVE DAMAGES:
DEFENDANT, GIESPINO, FOR HIS, COMMON PRACTICE POLICY OF AUTOMATIC EXCLUSION OF INMATES MEDICAL CARE, IN CELL EXTRACTIONS INCIDENTS & DELIBERATE INDIFFERENTS REGARDLESS OF THE PRESENCE OF INJURIES AND HIS FAILURE TO PLACE IN WRITING WITHIN THE INMATES MEDICAL RECORDS THOSE INJURIES TO COVER-UP THE ABUSE OF EXCESSIVE FORCE, I SEEK, $10,000, IN PUNITIVE DAMAGES.

(7), SEIZE MY MEDICAL RECORDS UPON 5-1-19.

(8) FOR, DEFENDANT ECONOM, DELIBERATE DESTRUCTION OF MY PERSONAL PROPERTY, WITH NO POSTDEPRIVATION REMEDY FOR THE LOSS & INSTAL. & CENTRALOFFICE COVERING UP THE CONFISCATION, OF A CONSTITUTIONALLY — Conti... (15)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). FLA. STATE PRISON, IN STARKE, FLA.

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims? CH. 33-103.001, SUBSEC (3) FLA.A. CITES IN

PERTINENT ☒ Yes PART, WHEN SUCH A PURPORTED GRIEVANCE IS SUBMITTED AND CONTAINS
& ANY ALLEGATION OF PHYSICAL ABUSE, EXCESSIVE FORCE OR SEXUAL
☒ No ABUSE, OR ANY OTHER ALLEGATION THAT, IF TRUE, WOULD PUT
THE INMATE'S PHYSICAL WELL-BEING IN JEOPARDY, THE ALLEGATIONS
☐ Do not know SHALL BE REPORTED TO THE OFFICE OF THE INSPECTOR GENERAL, ANY
PURPORTED GRIEVANCE CONTAINING SUCH AN ALLEGATION
SHALL, NONETHELESS, BE TREATED AS CONTRABAND, SHALL NOT BE PROCESSED AS
If yes, which claim(s)? A GRIEVANCE OR RETURNED TO THE INMATE, IS NOT
A GRIEVANCE, AND SHALL NOT CONSTITUTE ANY STEP OF THE GRIEVANCE
PROCESS FOR THE PURPOSES OF EXHAUSTION. THE INST. WOULD NOT
ANSWER ANY OF MY GRIEVANCES BECAUSE OF THE CONTEXT OF EXCESSIVE &
SEXUAL ABUSE IN B-WING SHOWER. INFORMAL & FORMAL. I HAD ANOTHER INMATE
FILE A DIRECT GRIEVANCE TO CENTRAL OFFICE ON P.R.E.A. INCIDENT IN THE SHOWER
WHICH THEY APPROVED IT TO BE SENT TO THE INSPECTOR GENERAL (SEE LOG # 19-6-17680
CONT'II "

16

Cont. of SUBSEC. VI, RELIEF, FROM page 5 - (5)

... PROTECTED PROPERTY INTEREST OF THE 14th AMEND. upon HIS INADEQUATE POSTDEPRIVATION REMEDY OR THE STATUTORY SCHEME OF 768.28 F.S. OR F.A.C. RULES, 33-602.201(14), IS "UNAVAILABLE," WITH CONSPIRATORS, CONSPIRING TO DEPRIVE THE PETITIONER OF THAT PROPERTY, BY DENYING GRIEVANCES, IGNORING THEM OR IN ANY CASE, TREATING THEM AS CONTRABAND FOR THE ALLEGATIONS OF, EXCESSIVE FORCE & SEXUAL ABUSE. I SEEK, $5000 IN PUNITIVE DAMAGES FOR THIS DEPRIVATION OF PERSONAL PROPERTY.

⑨ DEFENDANT GILLESPIE, ADMITS, WITHIN HIS D.R. REPORT LOG#
205-191038, THAT, HE did NOT WRITE UNTIL 5-21-19 OR THE
5-1-19, INCIDENTS OR HIS PRESENCE WITHIN THAT SHOWER, upon
A SUBDUED, HANDCUFFED & LEG SHACKLED, NON-RESISTING NO
THREAT INMATE, OR AN HOMOSEXUAL CONTEXT OF ABUSE IN THAT
SHOWER. HE ACTUALLY ADMITTED TO ACTIVELY PARTICIPATING IN
THE ASSAULT THAT, HE CALLED, A "FORCED DECONTAMINATION
SHOWER" WHICH WAS CLEARLY ILLEGAL, ONCE THE PETITIONER WAS
SUBDUED, CEASED TO disobey OR RESIST. S I SEEK $5000, IN
PUNITIVE DAMAGES FOR THESE DEPRIVATIONS, WHICH THE COURT
ALREADY HAS THE COPY OF AND THAT, I ADOPT AND INCORPORATE AS
EVIDENCE IN THIS SECOND AMENDED COMPLAINT.

Cont. of VII, EXHAUSTION OF ADMIN. REMEDIES/ADMIN. PROCEDURES, P.⑥
ON 5-4-19, A FORMAL GRIEVANCE WAS FILED BY A THIRD PARTY TO
CENTRAL OFFICE ON THE EXCESSIVE BEATINGS ON 5-1-2019, E-WING & B-WING
SHOWER AND 5-6-2019 BEATINGS BY Sgt. ALAKO CAPT. HALL IN FURTHERANCE
OF THOSE BEATINGS ON 5-1-19. THE INST. WOULD NOT ANSWER. CENTRAL OFFICE
RETURNED THE GRIEVANCE WITHOUT ACTION IN Log # 19-6-21036, CITING
GRIEVANCE Log # 19-6-17680 THAT WAS APPROVED FOR INSPECTOR GENERAL REVIEW
THE COURT HAS THESE GRIEVANCES, IN THE FIRST COMPLAINT FILED - CONT.
RESPECTFULLY SUBMITTED.

⑰

CON't. OF VII, EXHAUSTION OF ADMIN. REMEDIES / ADMIN. PROCEDURES
ON PAGE (@ (1)
OF WHICH, I ADOPT AND, INCORPORATE AS EVIDENCE IN THIS
SECOND AMENDED COMPLAINT.

THE PETITIONER, STRICTLY COMPLIED WITH THE GRIEVANCE PROCEDURE,
AT, THE INSTAL-LEVEL OF THE EXCESSIVE FORCE ON 5-1-19, 5-6-19, HOMOSEXUAL
TAMPERING/ABUSE IN THE SHOWER ON 5-1-19, B-WING, THE CONFISCATING
& DESTROYING PERSONAL PROPERTY BY DEFENDANT, E CONGRAM & JOHN DOE
OFFICER ON GAMERY ON E-WING ON 5-1-19. ALL THESE GRIEVANCES
WAS TREATED AS CONTRABAND AND NOT RETURNED FOR THE CONTEXT
WITHIN THEM OF THE 5-1-19 EXCESSIVE FORCE & SEXUAL ABUSE
ALLEGATIONS, BUT I HAVE A HAND WRITTEN INFORMATION LOG
CITING THE DATES I FILED AND/OR RECEIVED GRIEVANCES, WHICH
WHAT THE RULE WAS DOING IN ACCORDANCE WITH ILL.33-103-001
SUBSEC(3) F.A.C. CAUSING THE GRIEVANCE PROCEDURE TO BE UNAVAILABLE
TO ME UPON THE EXHAUSTION REQUIREMENTS, CAUSING THIS
DEFENSE TO BE WAIVEABLE - BUT, UNDER, THE DISCIPLINARY
APPEAL PROCESS, I FILED GRIEVANCES ON ALL 13 BOGUS D.R.
REPORTS, WITHOUT CITING THE ASSAULTS & MANDAMUS
ON ALL OF THEM CITING THE ABUSES, CONFISCATION &
DESTRUCTION OF PROPERTY WITH NO POST DEPRIVATION REMEDY
FOR THE LOSS & DESTRUCTION.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance? *Central office, Third party assistance, 5-1-19 and 5-4-19, inst. 5-2-19, informal, on property, 5-6-19 on being beaten by Sgt. Banks & Capt. Hall, no response, 5-7-19, with no answers, formal on, 5-22-19, no answers, 6-18-19 central office, confiscated property. Refiled, 7-30-19, returned without addressing the issue, 7-14-19, the same 8-7-19 the same.*

2.    What did you claim in your grievance? *central of excessive force, unprovoked beatings, homosexual sexual inst. unprovoked beatings, homosexual abuse, destruction of property, denial of medical treatment, the over inticing of guilty vishing, court costs and fees, & 200,000 dollars for coverups & cover up to us.*

3.    What was the result, if any? *returned without actions or dealing with the or outright denials.*

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* *All the way to central office, denials & malpractices on all D.R. reports & notice of claim to dept of community services & D.O.C. central office upon property & overtaking D.R. reports.*



Page 7 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

THE GRIEVANCE PROCESS IS UNAVAILABLE FOR INMATES IN FSWL. UNDER 33-103.001(3), F.A.C. UPON, ALLEGATIONS OF PHYSICAL ABUSE, EXCESSIVE FORCE OR SEXUAL ABUSE, THOUGH ARBITRARILY, UPON ANY ISSUE WITH THE ABOVE CONTEXT, I WENT THROUGH THE DISCIPLINARY PROCESS & MARDANIUS IN THE STATE COURTS.

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: MENTAL HEALTH COUNSELOR, MS. HUTCHER, UPON BEING DENIED OF NON-SEXUAL ABUSE OR P.R.E.A. ON 5-1-19 & ASSAULTS BY SGT. PAULK & CAPT. HALL ON 5-16-19 AND DESTRUCTIONS OF ALL MY PROPERTY, SHE SAW ME ON 5-16-19 INCIDENT & EXPLAINED ON 5-16-19, THAT SHE RECORDED MY PHYSICAL INJURIES, STATE OR DEPRESSION & ANXIETY, FROM JUST BEING BEATEN THAT DAY.

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. THEY ARE UNAVAILABLE FOR INMATES IN FSWL. UNDER ADMINISTRATIVE PRETENSE, TO DESTROY, TREAT OF CONTRABAND NOT RETURNED TO INMATES OR USED FOR THE PURPOSES OF EXHAUSTION.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* SEE, EXIb:Y(A)& (B).(1-29) (-1-14)

# VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action? *beFoRe This complaint ,*

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

(21)

☒ Yes

☐ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)   *KNIGht V. State*
    Defendant(s)   *State of FLA. "TDOC's"*

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    *SECOND Judicial Circuit Court, LEON County FLA.*
    *CASE#'s 2019-CA-000 893 — & 894*

3.  Docket or index number   *000893*
    *000894*

4.  Name of Judge assigned to your case, *JOHN C. Cooper, & CHARLES W. Dodson.*

5.  Approximate date of filing lawsuit, *4-15-2019 & 6-3-2019*

6.  Is the case still pending?

    ☒ Yes

    ☐ No

    If no, give the approximate date of disposition

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

22

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   *9 - 24, 2019*

Signature of Plaintiff   *Paul Knight*

Printed Name of Plaintiff   *PAUL EMMANUEL Knight*

Prison Identification #   *063422*

Prison Address   *FLA. STATE PRISON, P.O. BOX 800*

*RAIFORD*          *FLA.*      *32083*

City                              State          Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

_____

City                              State          Zip Code

Telephone Number   _____

E-mail Address   _____

23

UNDER Fed. R. C. P. 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint: (1), is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2), is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law: (3), the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: and, (4), the complaint otherwise complies with the requirements of Rule 11.

24

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, THAT, TRUE COPIES
FOR EACH DEFENDANT OF this complaint
has been placed in the hands of D.O.C.P.
SECURITY STAFF member FOR mailing to:
The CLERK OF The COURT, U.S. DISTRICT COURT,
300 N. Hogan STREET, SUITE, 9-150
JACKSONVILLE, FLA. 32202-4271 on this
24th _____ day of Sept. _____ 2019

RESPECTFULLY SUBMITTED.

/S/ Paul Knight

25

MIME-Version:1.0
From:cmecf_flmd_notification@flmd.uscourts.gov
To:cmecf_flmd_notices@localhost.localdomain
Bcc:
--Case Participants:
--Non Case Participants:
--No Notice Sent:

Message-Id:<18779613@flmd.uscourts.gov>
Subject:Activity in Case 3:19-cv-00779-TJC-JBT Knight v. Gray et al Order
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se
litigants) to receive one free electronic copy of all documents filed
electronically, if receipt is required by law or directed by the filer. PACER
access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is
a transcript, the free copy and 30 page limit do not apply.


U.S. District Court
Middle District of Florida

Notice of Electronic Filing
The following transaction was entered on 8/30/2019 3:48 PM EDT and filed
on 8/30/2019


Case Name: Knight v. Gray et al

Case Number: 3:19-cv-00779-TJC-JBT
https://ecf.flmd.uscourts.gov/cgi-bin/DktRpt.pl?365595

Filer:


Document Number: 9


Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.flmd.uscourts.gov/doc1/047120564035?caseid=365595&de_seq_num=34&magi
c_num=MAGIC


Docket Text:
 **ORDER that by October 1, 2019, Plaintiff**
**must file a second amended complaint and mail to the Court one copy of the**
**second amended complaint for each named defendant. Signed by Magistrate**
**Judge Joel B. Toomey on 8/30/2019. (JND)**



3:19-cv-00779-TJC-JBT Notice has been electronically mailed to:


3:19-cv-00779-TJC-JBT Notice has been delivered by other means to:
Paul Emmanuel Knight
#063422
Florida State Prison
C-1318-S
P.O. Box 800