UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL EMMANUEL KNIGHT,

        Plaintiff,

v.                                                                                        Case No. 3:19-cv-779-BJD-JBT

KEEGAN M. GRAY, et al.,

        Defendants.
_____

## ORDER

1. Plaintiff filed a motion for discovery (Doc. 74), in which he requested that Defendants respond to the discovery requests he submitted prior to this Court's ruling on Defendants' motions to dismiss (see Docs. 31, 40, 65) and asking them to provide new additional documents. Defendants Gray, Kurth, Merritt, Gillespie, Sanders, and Econom filed a response to the motion (Doc. 84), in which they explain they were in possession of the documents Plaintiff requested, were reviewing the 1,000 pages of medical records, and would provide Plaintiff with the discovery responses "in mid-December" (id. at 2). As such, the Court deferred ruling on Plaintiff's motion and directed Defendants Gray, Kurth, Merritt, Gillespie, Sanders, and Econom to file, by February 10, 2021, a notice with the Court confirming they responded to

Plaintiff's discovery requests as indicated in their response. See Order (Doc. 87). These Defendants filed their response (Doc. 88) explaining they provided Plaintiff with all the requested documents on December 17, 2020, and December 23, 2020. Further, Plaintiff attached to his recently-filed motion for appointment of counsel (Doc. 89) Defendants' written answers to Plaintiff's interrogatories and a letter from an assistant attorney general stating that Defendants have provided 1,484 pages of documents to Plaintiff and will arrange for Plaintiff to review the documents. Doc. 89-1. The assistant attorney general also explained that once the Court grants the motion to seal the DVD footage, it would arrange for Plaintiff to view the DVD. Id. at 81. In light of the representations made in Defendants' response (Doc. 88) and the assistant attorney general's letter to Plaintiff (Doc. 89-1), Plaintiff's motion (Doc. 74) is **DENIED as moot.**

2.  Defendants Gray, Kurth, Merritt, Gillespie, Sanders, and Econom have filed a motion to compel Plaintiff's responses to discovery (Doc. 86). They allege that they served Plaintiff with interrogatories, requests for admissions, and requests for production of documents on December 21, 2020, but Plaintiff never responded to their discovery requests. Id. They explain that they telephonically deposed Plaintiff on January 7, 2021, and January 22, 2021, and during each deposition, Plaintiff fully participated. Id. Thus, they argue that Plaintiff is fully capable of responding and asks that this Court order Plaintiff

to answer the December 21, 2020, discovery requests. Id. Plaintiff responded (Doc. 91) to Defendants' motion to compel, explaining that he gave his discovery responses to the law library at Santa Rosa Correctional Institution to prepare photocopies, but on January 14, 2021, he was transferred to Apalachee Correctional Institution without those records or copies. Id. at 1-2. Plaintiff states that Santa Rosa C.I. sent the discovery documents to Apalachee C.I. on January 28, 2021, and he explains that he still does not have custody of the discovery documents that Defendants are requesting, but that the FDOC has the documents. Id. at 2.

Defendants' motion to compel (Doc. 86) is **DENIED without prejudice.** Following the filing of Defendants' motion to compel, Defendants filed an extensive motion for summary judgment, in which they allege that the record, including their summary judgment exhibits, fully refute Plaintiff's claims. See Doc. 93. If Defendants still need or wish to compel the production of the documents referenced in their motion to compel, Defendants may refile the motion after they confer with Plaintiff about the status of those records.

3. Plaintiff has filed a motion for appointment of counsel and an expert (Doc. 89). He argues that appointment of counsel is necessary to complete discovery and help him identify Defendant Van Allen, so service of process can be perfected. Id. at 3. He also requests that the Court appoint a "blood analysis expert" to analyze "the amount of blood that spilled from [his]

3

wounds." Id. at 6. Defendant Espino filed a response (Doc. 90) in opposition to Plaintiff's motion, arguing that Plaintiff's request for counsel to assist in discovery is moot because all discovery was to be completed by January 21, 2021. Id. at 3. Espino further alleges that counsel is unnecessary because the case is not complex, and Plaintiff has failed to demonstrate "exceptional circumstances." Id. at 6.

Because Plaintiff presents no exceptional circumstances, his motion for the appointment of counsel and an expert (Doc. 89) is **DENIED without prejudice** to refiling a request if the circumstances of this case change (for example, if the case proceeds to a settlement conference or trial). However, so that Plaintiff has the opportunity to fully review the discovery documents and the DVD evidence, as well as respond to any dispositive motions, the Court will sua sponte extend the relevant deadlines in this action as detailed below.

4. Defendants Gray, Kurth, Merritt, Gillespie, Sanders, and Econom's motion to file video surveillance under seal (Doc. 94) is **GRANTED**. Sealing is warranted because the video depicts the internal structure of the prison and publicly disclosing that information could compromise security. Defendants' shall file the video exhibit with the Clerk **by March 16, 2021**. The Court directs the **Clerk** to seal the video upon receipt.

5. Defendants Gray, Kurth, Merritt, Gillespie, Sanders, and Econom's motion for leave to file motion for summary judgment in excess of

4

twenty-five pages (Doc. 92) is **GRANTED**. The motion for summary judgment (Doc. 93) is accepted as filed.

In light of the above, the deadlines in this action are as follows:

A. Counsel for Defendants shall coordinate with the classification officer or other appropriate personnel at Plaintiff's penal institution to arrange for Plaintiff to review all discovery documents and the DVD video. **By April 9, 2021**, Defendants must file a notice advising that Plaintiff has had an adequate opportunity to review the DVD video and the discovery documents.

B. **By April 30, 2021**, Plaintiff shall file a notice with additional information to identify and serve Defendant Jack Van Allen. If he does not, all claims against Defendant Van Allen will be dismissed at that time.

C. **By June 1, 2021**, Plaintiff shall file his response to Defendants Econom, Gillespie, Gray, Kurth, Merritt, and Sanders's motion for summary judgment (Doc. 93) and his response to Defendant Espino's motion for summary judgment (Doc. 95).

D. The Court **DEFERS ruling** on Plaintiff's motion for summary judgment (Doc. 78) until after Plaintiff has had an opportunity to review the discovery documents and video, and after Defendants have had an opportunity to respond. Defendants shall file their response to Plaintiff's motion for summary judgment (Doc. 78) **by June 1, 2021**.

E. The parties are encouraged to discuss the possibility of settlement and must notify the Court if efforts are successful.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2021.

                                                     BRIAN J. DAVIS
                                       United States District Judge

Jax-7

C:    Paul Emmanuel Knight, #063422
       Counsel of record