UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAUL EMMANUEL KNIGHT
DC#063422,

    Plaintiff,

v.                                              Case No.:    3:19-cv-779-J-39JBT

KEEGAN M. GRAY, MATTHEW KURTH,
AUSTIN MERRITT, BRETT GILLESPIE,
JACK VANALLEN, MARTIN G. SANDERS,
JOEL ECONOM & G. ESPINO M.D.,

    Defendant.
_____/

**DEFENDANT GONZALO ESPINO, M.D.'S
RENEWED/SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

    Defendant, Gonzalo Espino, M.D. ("Dr. Espino"), pursuant to Federal Rule of Civil Procedure 56, hereby files his renewed Motion seeking entry of final summary judgment in his favor against Plaintiff, and states the following in support:

## BACKGROUND

    1.    Plaintiff, a 64-year-old *pro se* convicted prisoner, initiated this action on or about June 28, 2019 pursuant to Civil Rights Act, 42 U.S.C. § 1983, against Dr. Espino, amongst others, for alleged violations of Plaintiff's Eighth Amendment rights.

    2.    Plaintiff filed his Second Amended Complaint on September 26, 2019, alleging that on May 1, 2019, Dr. Espino was deliberately indifferent to Plaintiff's serious medical needs after he was injured from a cell extraction and decontamination shower by Co-Defendants Florida State Prison. (Doc. 12).

3. Dr. Espino is a physician employed by Centurion of Florida, LLC, and contracted with the Florida Department of Corrections to provide medical services to inmates in the Florida prison system.

4. Plaintiff filed his Motion for Summary Judgment on November 19, 2020. (Doc. 78).

5. Co-Defendants filed their Motion for Summary Judgment on March 8, 2021. (Doc. 93). In their Motion, Co-Defendants cite to a handheld video of Plaintiff's May 1, 2019 cell extraction, decompensation shower, and subsequent medical treatment.[1]

6. Dr. Espino also filed his original Motion for Final Summary Judgement on March 8, 2021. (Doc. 95).

7. On March 1, 2022, this Court entered an Order deferring ruling on all motions for summary judgment and directed that the Co-Defendants file the handheld video, under seal, with the Court and produce the video to Plaintiff for viewing. The Court directed that Co-Defendants file a subsequent notice confirming completion by April 11, 2022. Plaintiff was directed to then file an amended response to Co-Defendants' Motion for Summary Judgment or rely upon his prior arguments in his original response. The Court then administratively closed the case. (Doc. 127).

8. Co-Defendants filed their Notice of Compliance with the Court's Order on March 21, 2022. (Doc. 131).

9. Subsequently, Plaintiff filed several motions including a Motion Upon Joinder (Doc. 137) and a Motion Upon Settlement Conference (Doc. 141).

---

[1] The video was taken from outside Plaintiff's medical exam room with partial visual into the exam room through a window.

10. On March 10, 2023, the Court entered an Order denying Plaintiff's joinder and settlement motions and administratively opened the case. (Doc. 143).

11. As such, Dr. Espino now moves to renew his initial summary judgment motion and supplement his arguments to address the handheld video depicting the events of May 1, 2019.

12. Dr. Espino reasserts and realleges the arguments set forth in his original Motion (Doc. 95) and further seeks entry of final summary judgment in his favor as the supplemental evidence, the FDOC handheld video, confirms Dr. Espino did not violate Plaintiff's constitutional rights under the Eighth Amendment.

## ARGUMENT

The undisputed video evidence taken on May 1, 2019, clearly confirms that Plaintiff did not suffer any serious medical needs at the time he was seen by Dr. Espino, and Dr. Espino was in no way deliberately indifferent to Plaintiff in his medical care. In a roughly two hour video, Plaintiff is shown and heard verbally engaging with correctional staff through his cell and is subsequently extracted from his cell, decontaminated in the shower, and walked to medical for treatment. After the decontamination, Plaintiff is observed to be walking with no difficulty to the medical area. Dr. Espino is not present during any of Plaintiff's interactions with Co-Defendants in his cell or during his decontamination. Upon his arrival to medical, Plaintiff is escorted into an exam room and a nurse is present. The video does not have audio of the conversation, but Plaintiff and the medical staff are visible through the window. After a few minutes, Dr. Espino enters the exam room, examines Plaintiff, gives directives to the nursing staff, and exits the exam room. Two nurses are then observed to be treating Plaintiff's eye and nose injuries for several minutes. Upon completion of treatment, Plaintiff is seen

calmly exiting the medical examination room with swelling in his eyes, but no open wounds, bleeding or broken appendages. Plaintiff is then escorted back to his cell and again has no difficulty walking. Plaintiff even lifts both of his feet separately behind him to allow correctional staff to remove the shackles around his ankles. Plaintiff is calm and does not appear in distress or pain upon entering his cell.

The crux of Plaintiff's claims against Dr. Espino are that Dr. Espino was deliberately indifferent to Plaintiff's "serious medical needs" upon examination on May 1, 2019. Plaintiff contends that Dr. Espino failed to provide Plaintiff with proper medical treatment and as a result, Plaintiff suffered lasting injuries. However, the handheld video not only confirms that Plaintiff was not suffering from any alleged "serious medical needs" but it supports that Dr. Espino was in no way deliberately indifferent to Plaintiff at all, including to the minor injuries that Plaintiff did sustain consisting of swollen eyes and a laceration to his right eye and nose. During the entirety of Plaintiff's medical treatment on May 1, 2019, Plaintiff is observed to be calm, alert, and easily able to ambulate on both feet. Plaintiff also admitted to not speaking to Dr. Espino and failing to express any underlying complaints that were not easily observed or addressed. Thus, any contention that Dr. Espino acted in a way that deliberately denied Plaintiff medical care is unfounded and patently false. Dr. Espino may not have provided Plaintiff with the care he subjectively preferred, but Dr. Espino in no way provided treatment equivalent to cruel and unusual punishment. *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991).

Finally, the video evidence confirms that there is no causal connection between Dr. Espino's medical care and Plaintiff's injuries. Dr. Espino was not present during Plaintiff's cell extraction or decontamination. As such, Dr. Espino did not cause or contribute to

Plaintiff's injuries. Plaintiff presented to Dr. Espino after the extraction and decontamination, Dr. Espino provided an examination, ordered treatment of Plaintiff's superficial wounds, and directed Plaintiff to follow up with medical. Plaintiff even admits that he did not speak to Dr. Espino at all and that his superficial wounds subsequently healed on their own. Therefore, Plaintiff's claimed "injuries" are solely the result of his own actions or the actions of outside third parties, unrelated to Dr. Espino and his medical care. As such, Plaintiff fails to set forth any evidence establishing deliberate indifference on the part of Dr. Espino and therefore summary judgment is warranted.

## CONCLUSION

Based upon the foregoing, and Dr. Espino's arguments asserted in his previous summary judgment motion (Doc. 95), Dr. Espino respectfully requests the Court enter an order granting summary judgment in favor of Dr. Espino.

## CERTIFICATE OF SERVICE – CM/ECF

**I HEREBY CERTIFY** that on July 25, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic filing to counsel of record as well as certified mail to Paul Emmanuel Knight DC # 063422, Jackson Correctional Institution, 5563 10th Street, Malone, Florida, 32445.

/s/ Ethen R. Shapiro
Ethen R. Shapiro (FBN 669881)
Rachel E. Eilers (FBN 1019587)
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 - facsimile
Ethen.shapiro@hwhlaw.com
Rachel.eilers@hwhlaw.com
*Attorneys for Defendant, Dr. Gonzalo Espino*

18323727v1

18323727v1